# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE TYRELL ARMSTRONG,<br><br>                            Plaintiff,<br>v.<br>CINDY LOPEZ, *et. al*,<br><br>                           Defendants. | Case No. 25-cv-02207-BAS-BJW<br><br>**ORDER TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS** |

       Plaintiff Archie Tyrell Armstrong, an inmate at the Centinela State Prison proceeding pro se, has filed a civil complaint against Defendants (ECF No. 1) together with a request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

       All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. §

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, as Plaintiff is here, even if he is granted leave to commence his suit IFP, he will remain obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

On November 12, 2025 the Court denied Plaintiff's initial request to proceed IFP. (ECF No. 7.) Plaintiff has not since prepaid the $402 in filing and administrative fees required to commence this civil action or filed a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, Plaintiff must either (1) prepay the entire $402 civil filing and administrative fee in full; or, (2) complete and file a properly supported Motion to Proceed IFP by **January 26, 2026**—forty-five (45) days from the date of this Order. *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b). The Clerk of Court is also **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."[2]

**IT IS SO ORDERED.**

DATED: December 12, 2025

*[signature]*

Hon. Cynthia Bashant, Chief Judge
United States District Court

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity").